# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| FIRECLEAN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:19CV34 HEA |
| | ) |
| THE FIREARM BLOG, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of Judge David D. Noce addressing Plaintiff Fireclean LLC's Motion to Remand, [Doc. No. 13]. In his August 29, 2019 Report and Recommendation, Judge Noce recommended that the Plaintiff's motion be granted and the case be remanded. Defendant Second Media Inc. has filed a written objection to this recommendation. For the reasons set forth below, the Court adopts Judge Noce's recommendation.

## Background

On September 12, 2017, Plaintiff initiated this action in the Circuit Court of Chariton County, Missouri, asserting a false advertising claim under 15 U.S.C. §1125(a)(1)(B), an injurious falsehood claim, a claim of intentional interference with business expectancy, and a civil conspiracy claims against all defendants, as well as two defamation claims: one against Defendant Nathaniel Fitch and one

against Defendants The Firearm Blog, Second Media, Inc., Philip White, and Steve Johnson.[1]

In his Report and Recommendation, Judge Noce summarized the relevant facts, as reflected in the state court docket, as follows:

> On October 4, 2017, defendant White and defendant The Firearm Blog were served. On September 21, 2018, a process server filled out under oath a Chariton County circuit court alias summons Affidavit of Service form as follows:
>
> I certify that: . . . 3. I have served the above summons by: leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with ELIZABETH FINCH [(sic)], a person of the defendant/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
>
> The affidavit states that service was made at 39378 Sunnyside Rd., Clements, Maryland, on September 15, 2018, by Toniere L. Lee. The return of this service was filed electronically in the Missouri Circuit Court on September 25, 2018.
>
> On January 25, 2019, in the Circuit Court FireClean filed a motion for an Interlocutory Order of Default against defendant Fitch. On February 13, 2019, the Circuit Court filed an email received from Elizabeth Fitch in Maryland, which email stated, "On September 15, 2018 [sic] I was presented with a summons for Nathaniel Fitch (Enclosure1). There is no one by that name living at this address." When filing this email correspondence on the docket, the Circuit Court's entry described it as "Correspondence that was e-mailed to the court from Judge Tschannen's office regarding service on Nathaniel Fitch filed. No service obtained on Nathaniel Fitch."
>
> On February 21, 2019, Plaintiff filed a request for summons on Fitch.

Defendant Second Media notes that this was not mentioned in Judge Noce's

---

[1] Plaintiff has since voluntarily dismissed its claims against Steve Johnson.

Report and Recommendation but claims that it is also relevant. Judge Noce's recitation of the procedural history continues:

> On April 2, 2019, the Circuit Judge sustained plaintiff's motion for an interlocutory default against defendant Fitch. The Circuit Judge also set the case for a hearing on May 9, 2019, "as to damages in regards to defendant's [(sic)] Fitch . . . ."
>
> Defendant Second Media Inc. waived service on April 8, 2019, and removed this action to this Court on April 30, 2019. In its notice of removal, Second Media Inc. alleged that this Court has federal question subject matter jurisdiction over the action under 28 U.S.C. § 1331, because plaintiff included a claim arising under the federal Lanham Act. Second Media also asserts that this Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a). The notice of removal indicated the consent of defendants White and The Firearm Blog to the removal, but it did not include the consent of defendant[ ] Fitch, based on the assertion [he] had not yet been served with process.

In their Motion to Remand, Plaintiff argues that Defendant Second Media Inc. did not receive consent to remove the case from Defendant Fitch.[2] Defendant opposes remand, asserting that at the time of removal, Fitch had not been properly served and therefore his consent to remove was not necessary. In his August 29, 2019 Report and Recommendation, Judge Noce reasoned that nothing in the state court docket indicates that Fitch had not been served at the time of removal; to the contrary, it appears he had been served. Judge Noce recommended, therefore, that the case be remanded. Defendant Second Media objects to Judge Noce's

---

[2] The motion also argued that Steve Johnson did not consent to removal, but he has since been dismissed as a party.

recommendations. After a thorough review, this Court adopts Judge Noce's Report and Recommendation.

## Legal Standards

When a party objects to portions of the magistrate judge's report and recommendation, the reviewing judge makes a *de novo* determination of those objected-to portions. 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b).

The removing defendant bears the burden of proving removal is proper and all prerequisites to federal jurisdiction are satisfied. *See In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993) (*per curiam*) (citing *Bor–Son Bldg. Corp. v. Heller,* 572 F.2d 174, 182 n. 13 (8th Cir.1978)) "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997).

Removal of an action from state court to federal court based on the federal court's original jurisdiction is provided for in 28 U.S.C. § 1441(a). The procedure for removal is codified in 28 U.S.C. § 1446. Section 1446(b)(2)(A) includes the rule of unanimity. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

**Discussion**

Plaintiff's argument in support of remand rests on the theory that Fitch did not consent to removal. Defendant does not claim that Fitch consented, but rather argues that Fitch had not been properly served at the time of removal and therefore his consent was not required.

In recommending remand, Judge Noce reasoned that "the state court records strongly indicate that defendant Fitch had been served with process when Second Media moved to remove this action to this Court on April 30, 2019." Although the February 13, 2019 docket entry concerning the email received from Elizabeth Fitch read "No service obtained on Nathaniel Fitch," Judge Noce noted that the entry is not a judicial ruling as to the effectiveness of service on Fitch, but is at most a "summary paraphrase of the substance of the email or an opinion of the clerk's office as to the meaning of the email." Judge Noce also highlighted the state court judge's April 2, 2019 ruling sustaining Plaintiff's motion for an interlocutory default against Fitch, reasoning that this judicial action indicates that Fitch had in fact been served.

Defendant Second Media objects to the Report and Recommendation's omission of "contrary evidence." The contrary evidence to which Second Media refers is Plaintiff's February 21, 2019 filing of a Request for Alias Summons for Nathaniel Fitch, as entered on the state court docket sheet. Second Media claims

5

that "any argument by Plaintiff that Fitch was served is expressly contradicted by Plaintiff's subsequent request for a new summons for Fitch on February 21, 2019." Second Media invokes the doctrine of judicial estoppel, arguing that Plaintiff is "estopped from arguing that Fitch was properly served in light of *its own* request for new summons." (Emphasis in original). According to Second Media, the second request for service would have been unnecessary if Fitch had been served.

In response, Plaintiff argues that it requested the second summons on Fitch out of "an abundance of caution" because "there was an unresolved, informal, and legally ineffective challenge to service on Fitch." Plaintiff also claims that Fitch never challenged service, and that the challenge was resolved against Fitch.

"The doctrine of judicial estoppel 'protects the integrity of the judicial process.'" *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (quoting *Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 738 n. 6 (8th Cir.1987)). "[A] party that takes a certain position in a legal proceeding, 'and succeeds in maintaining that position,' is prohibited from thereafter assuming a contrary position 'simply because his interests have changed,' especially if doing so prejudices the party 'who acquiesced in the position formerly taken by him.'" *Stallings*, 447 F.3d at 1047 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Although there is no general formula for determining the applicability of judicial estoppel, three factors aid courts in their determination: (1) clear

6

inconsistency of a party's earlier position and later position, (2) judicial acceptance of the party's earlier position, and (3) a result of unfair advantage to the party asserting an inconsistent position or unfair detriment to the opposing party if estoppel is not exercised. *Stallings*, 447 F.3d at 1047 (citing *New Hampshire*, 532 U.S. at 750-51).

Here, there is no clear inconsistency in Plaintiffs positions. Plaintiff never claimed Fitch had not been served. Second Media offers no support for their contention that a second request for summons is tantamount to taking the affirmative position that a party has not been served. Moreover, the state court's entry of default against Fitch indicates that Fitch has been served. The state court's treatment of Fitch as a properly served party weighs against the second estoppel factor, because the state court clearly did not "accept" any notion that Fitch was not served effectively. Estoppel is not warranted here. Acceptance of Second Media's estoppel argument would be contrary to the Court's standard of resolving issues of doubt in favor of remand.

Fitch was apparently served at the time of removal to this Court. Second Media has not met their burden of showing removal is proper.

## Conclusion

The Court agrees with Judge Noce's conclusions in their entirety. The Report and Recommendation is adopted *in toto*.

7

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be remanded to the Circuit Court of Chariton County, Missouri.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [Doc. No. 9] be deferred for decision to the Missouri Circuit Court.

Dated this 3rd day of October, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE